UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                         CRIMINAL ACTION NO. 3:08cr77-DPJ-JCS

MARK J. CALHOUN, APRIL CALHOUN,
WILLIE JONES, J. LARRY KENNEDY AND
KEITH M. KENNEDY

**ORDER**

This case involves a multi-count indictment charging five defendants with playing discrete roles in an alleged conspiracy to fraudulently acquire mortgage loan proceeds. Charges are based on 18 U.S.C. §§ 1349, 1343, 1956(h), 1956(a)(1)(A)(I), and 1957. The matter is before the Court on motions to sever or alternatively for separate juries filed by Defendant Mark Calhoun [135] and his daughter Defendant April Calhoun [137]; and on the joinder in the motions to sever filed by Defendant J. Larry Kennedy [168]. Defendants Willie Jones and Keith M. Kennedy have not joined in the motions. The Court, having fulling considered the parties' submissions and the applicable authority, finds that Defendants should be joined in a trial before a single jury.

I.   Analysis

   A.   Timing of Superseding Indictments

The Calhoun defendants were named in the original indictment. Defendants Willie Jones, J. Larry Kennedy, and Keith M. Kennedy were charged in first and second superseding indictments. The Calhouns now argue that the late joinder of new defendants demonstrates that the newly added defendants were part of a separate conspiracy. To the extent this is an attack on the joinder of the parties, it is not well taken.

Rule 8(b) of the Federal Rules of Criminal Procedure allows for the joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Defendants offer neither authority nor explanation as to how the timing of the superseding indictments means that a separate conspiracy necessarily occurred. To the contrary, the superseding indictments appear to track the original with the substitution of newly named defendants for individuals previously identified as unindicted co-conspirators. More to the point, the allegations in the most recent indictment satisfy the requirements of Rule 8(b).

Because defendants were properly joined, the movants must rely on Rule 14(a), which allows severance of joined defendants only where joinder "appears to prejudice a defendant or the government." "Prejudice" means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Moreover, the Fifth Circuit Court of Appeals has generally noted that "[p]ersons indicted together should be tried together, especially in conspiracy cases." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008) (citing *United States v. Miranda*, 248 F.3d 434, 439 (5th Cir. 2001) (quoting *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994))). Indeed, joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). Finally, the defendant must show "specific and compelling" prejudice that outweighs the "public interest in judicial efficiency and economy." *Zafiro*, 506 U.S. at 537. Defendants have not demonstrated that the timing of the superseding indictments would render a joint trial infirm under these standards.

B.     Inconsistent Defenses

Mark Calhoun argues that the defenses are "expected to be wholly inconsistent." Def.'s Mem. at 2. He explains that because each defendant "played a different role in the process of obtaining and distributing loans," they will face a "Hobson's choice of providing exculpatory testimony at the cost of each co-defendant endeavoring to impeach and/or testify inconsistently in order to exculpate themselves." *Id*. Mr. Calhoun offers no authority for his argument which actually highlights that the defendants are part of the same series of acts or transactions.

The strategic decision Mr. Calhoun references would exist in nearly all conspiracy cases. Yet, joint trials are favored in conspiracy cases, and *Zafiro* expressly rejected the argument that severance was mandated "whenever codefendants have conflicting defenses." 506 U.S. at 538. To obtain severance, defenses must be antagonistic. *United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990). The "test for antagonistic defenses requires that the defenses be irreconcilable or mutually exclusive: the jury, in order to believe one defendant's defense, must necessarily disbelieve the antagonistic defense of another defendant. In other words, the core of one defendant's defense must be contradicted by a co-defendant's defense." *Id*. Defendants have neither asserted nor proven that their defenses are actually antagonistic, and the conclusory statement that positions could be "inconsistent" is not sufficient. *Zafiro*, 506 U.S. at 538.

C.     Testimony of Co-Defendants

All movants seek severance in order to obtain the testimony of other co-defendants. There are instances when "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." *Zafiro*, 506 U.S. at 539. A movant seeking severance on these grounds must demonstrate: "1) a bona fide

3

need for the testimony, 2) the substance of the desired testimony, 3) its exculpatory nature and effect, and 4) the willingness of the co-defendant to testify at a separate trial." *United States v. Ramirez*, 954 F.2d 1035, 1037-38 (5th Cir. 1992) (citing *United States v. Rice,* 550 F.2d 1364, 1369 (5th Cir.), *cert. denied,* 434 U.S. 954 (1977)).

Applying the above cited test, the Fifth Circuit held in *United States v. Nguyen* that, "without an affidavit from the co-defendant himself or other similar proof, 'conclusory allegation[s]' that a co-defendant would testify and what he or she would testify about is not sufficient. . . . [Likewise, r]epresentations by the defendant's attorney are not sufficient." 493 F.3d 613, 625 (5th Cir. 2007) (citing *United States v. Sparks*, 2 F.3d 574, 583 & n.10 (5th Cir. 1993) (listing precedent); *United States v. Neal*, 27 F.3d 1035, 1047 (5th Cir. 1994); *United States v. Williams*, 809 F.2d 1072, 1084 (5th Cir. 1987)). Here, none of the Defendants offered an affidavit or other similar proof of what the co-defendant might say and his/her willingness to testify. This portion of their motions fails on this basis alone.

Even if the substance of their motions had been presented in an affidavit, the Court would still find the submissions lacking. Mark Calhoun provided an insufficient basis for finding a bona fide need, exculpatory testimony, or April Calhoun's willingness to testify in a separate trial. April Calhoun provides more detail, but she too comes up short. First, it is not entirely clear that the testimony would necessarily be exculpatory in nature and effect. Moreover, there is no showing of an unequivocal offer to testify. April Calhoun suggests that her father verbally offered to testify in a subsequent trial. Such an offer is not unequivocal. *See, e.g., United States v. Manges*, 110 F.3d 1162, 1175 (5th Cir. 1997) (holding that co-defendant's "pre-trial offer to

4

testify on Manges' behalf was conditioned upon a demand that he be tried first, and thus was not unequivocal, as required by the fourth prong of the . . . test").

In addition, both Mark and April Calhoun seek separate trials in order to benefit from the other's testimony. Given their competing requests, and the reality that one must necessarily be tried first, it is not apparent that they have both unequivocally offered to testify. Moreover, such conflicting demands call the credibility of the testimony into question because "a codefendant's proposed testimony lacks credibility when it does not contravene his own penal interests." *See, e.g., United States v. Tencer*, 107 F.3d 1120, 1133 (5th Cir. 1997) (citations omitted).

Finally, Defendant Kennedy merely joined in the motion without ever explaining whose testimony he needed, what they would say, or whether they had agreed to testify. Because none of the movants met their initial burden, the motion must be denied without further consideration of the balancing test discussed in cases such as *Ramirez*.

D.      Out-of-Court Statements

Defendants argue that their co-defendants made certain unidentified out-of-court statements that would be admissible against the co-defendants but that would deprive movants of their right to confront the witnesses under *Crawford v. Washington*, 541 U.S. 36 (2004). There are many forms of co-defendant statements, many of which would not implicate *Crawford* because they are non-testimonial. For example, co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) are non-testimonial and would not violate *Crawford*. *Giles v. California*, 128 S. Ct. 2678, 2691 n.6 (2008); *United States v. King*, 541 F.3d 1143, 1145–46 (5th Cir. 2008). In addition, the Fifth Circuit has held that *Crawford* did not overrule *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny. *United States v. Ramos-Cardenas*, 524 F.3d 600, 609–10

5

(5th Cir. 2008). Those statements actually violating *Crawford* would not be admissible anyway, *id.*, making severance unnecessary.

Finally, Defendants have not identified any cases holding that severance is the remedy for anticipated out-of-court statements that are testimonial in nature. In *Richardson v. Marsh*, the Supreme Court explained the benefit of joint trials in cases of alleged conspiracy. 481 U.S. 200, 209-11 (1987). *Crawford* did not overrule *Richardson*. *Ramos-Cardenas*, 524 F.3d at 609–10.

E.  Impact of Co-Defendant Testimony

Both Mark and April Calhoun argue that if a co-defendant testifies and they do not, they "may be prejudiced if counsel . . . highlights the co-defendant's testimony." Def.'s Motion [135] at 2; Def.'s Motion [137] at 6. They contend based on *United States v. McLure*, 734 F.2d 484 (10th Cir. 1984), that such testimony would create "an implicit contrast with, and therefore reference to" their failure to testify. The potential problem Defendants generically identify could be made in all joined cases; and yet, the general rule is that conspiracy cases are to be tried together. *Rodriguez*, 553 F.3d at 394. Even in *McLure*, the case upon which Defendants rely, the Tenth Circuit affirmed the district court's decision to deny severance and noted that it was aware of no decisions ever granting severance based on the scenario Defendants described.[1]

---

[1] Though not cited, Defendants argument echoes dicta from *De Luna v. United States*, which commented on severance where a duty exists for counsel to comment on a co-defendant's decision to remain silent. 308 F.2d 140 (5th Cir. 1962). *DeLuna* has been rejected by other courts as a basis for severance. *See McLure*, 734 F.2d at 491. More significantly, the Fifth Circuit later explained that *De Luna* has no application unless defenses are antagonistic. *United States v. Wilson*, 451 F.2d 209, 215 (5th Cir. 1971). No such showing has been made.

6

F.	Demand for Separate Juries

Defendants Mark Calhoun, April Calhoun, and Larry Kennedy have all sought separate juries if the motions to sever fail. Assuming the other two defendants do not likewise seek separate juries, the motions would require the empaneling of three to four juries for what is expected to be a six week long trial. Movants have not demonstrated that a fair trial cannot be obtained through more traditional measures such as limiting instructions, and the Court declines to empanel multiple juries.

II.	Conclusion

For the reasons stated above, Defendants' motion to sever or alternatively for separate juries are denied.

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE